**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **John P. Glynn**<br>729 Schyler Court<br>Gahanna, OH 43230<br><br>              Plaintiff,<br>       v.<br><br>**U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**<br>c/o Statutory Agent<br>U.S. Bank National Association<br>300 Delaware Avenue, 9th Floor<br>Wilmington, Delaware  19801<br><br>              Defendant. | CASE NO.: 2:15-cv-3128<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

**JURY DEMAND ENDORSED HEREIN**

The following allegations are based upon Plaintiff John P. Glynn's ("Mr. Glynn") personal knowledge, the investigation of counsel, and information and belief.  Plaintiff, through counsel, alleges as follows:

**I.    INTRODUCTION:**

1. This is an action for actual damages, statutory damages, attorney fees, and the costs brought by an individual consumer for Defendant's violations of the Fair Debt Collections Practices Act at 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION:

2. This Court has jurisdiction pursuant to the FDCPA at 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Southern District of Ohio because the Defendant conducted business in this District and the acts which gave rise to this lawsuit occurred in this District.

## III. PARTIES

4. Mr. Glynn is a natural person living within this Court's jurisdiction at 729 Schyler Court, Gahanna, Ohio 43230.

5. At all times relevant to the allegations herein, Mr. Glynn was and is a consumer within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

6. Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Lonestar") is a company incorporated in Delaware.

7. At all times relevant to the allegations herein, Lonestar was and is regularly engaged in the collection of debts from consumers in Ohio using the mail and telephone and thus is a debt collector within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

8. At all times relevant to the allegations herein, Lonestar was and is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6) as the note, mortgage, lien, debt, and obligation was acquired by and transferred to Lonestar after the alleged debt was in default.

9. At all times relevant to the allegations herein, the underlying debt was an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction were primarily for personal, family, or household purposes within the meaning of the FDCPA at 15 U.S.C. § 1692a(5).

## IV. FACTUAL ALLEGATIONS

10. Mr. Glynn incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

11. Each allegation against Lonestar is also an allegation of action or inaction by the entity's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

12. JPMorgan Chase ("Chase") filed a foreclosure action on September 26, 2013 in the case styled as *JPMorgan Chase Bank, National Association v. John P. Glynn, et al.*, Franklin County Case number 13 CV 010761.

13. Mr. Glynn filed a Motion for Summary Judgment against Chase on August 29, 2014 alleging a complete failure by Chase to follow FHA conditions precedent prior to filing the foreclosure action.

14. Chase dismissed the action on September 18, 2014.

15. Chase avoided its failure to follow conditions precedent by dismissing the foreclosure action.

16. Chase assigned the note and mortgage to the secretary of HUD and recorded it on September 23, 2014.

17. The secretary of HUD assigned the note and mortgage to Lonestar and recorded it on February 13, 2015.

18. Lonestar filed a foreclosure action on February 24, 2015 in the case styled as *U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. John P. Glynn, et al.*, Franklin County case number 15 CV 001713. A copy of the Complaint is attached hereto and incorporated herein as Exhibit A.

3

19. There was no contact between Lonestar and Mr. Glynn between February 13, 2015 and February 24, 2015.

20. In its Complaint, Lonestar falsely represented that it had satisfied all conditions precedent prior to filing the action in court (Complaint Exhibit "A ¶ 6").

21. Lonestar failed to satisfy conditions precedent by failing to have a face-to-face meeting with Mr. Glynn, by failing to make a reasonable effort to arrange a face-to-face meeting with Mr. Glynn, by failing to make at least one trip to see Mr. Glynn at his home, by commencing a foreclosure action within 30 days of the assignment, and by failing to send a letter regarding a face-to-face meeting via United States Postal Service Certified Mail, and by failing to inform Mr. Glynn of available assistance as required for Federal Housing Administration ("FHA") loans pursuant to 24 C.F.R. § 203.604.

22. Paragraph 6(B) of the Note specifically states that "[t]his Note does not authorize acceleration when not permitted by HUD regulations." A copy of the Note is attached hereto and incorporated herein as Exhibit B.

23. The Franklin County Court of Common Pleas has held specifically that (1) compliance with 24 C.F.R. 203.604, the regulation governing FHA mortgage loans, is a condition precedent to a foreclosure action, and that (2) summary judgment is appropriate when a foreclosure Plaintiff fails to satisfy this condition precedent. *Wells Fargo Bank, N.A. v. Burd*, Franklin C.P. No. 12-CV-001734.

24. Lonestar's failure to comply with the conditions precedent prior to filing the foreclosure action against Mr. Glynn breaches the contract, breaches of the terms of the Note, and violates HUD regulations, and violates the FDCPA.

25. In its Complaint, Lonestar falsely represented that it was entitled to enforce the note (Complaint Exhibit A ¶ 9).

26. In its Complaint, Lonestar falsely represented that it was entitled to enforce the mortgage (Complaint Exhibit A ¶ 13).

27. As a direct and proximate result of Lonestar filing a foreclosure action without first fulfilling the conditions precedent, Mr. Glynn has suffered actual damages of emotional distress in the form of anxiety, fear, distress, sleepless nights, and mental anguish over the possible loss of his home.

28. As a direct and proximate result of Lonestar filing a foreclosure action without first fulfilling the conditions precedent, Mr. Glynn incurred substantial attorney fees in the defense of the foreclosure action in an amount exceeding $23,907.14.

## V. VIOLATIONS OF THE FDCPA

29. Mr. Glynn incorporates all other paragraphs in this Complaint by reference as though fully written here.

30. Mortgage foreclosure is debt collection under the FDCPA. See *Glaser v. Chase Home Finance, Inc.*, 704 F 3d 453 at 464 (6th Cir. 2013).

31. Lonestar violated the FDCPA as follows:

   a. Lonestar used false, deceptive, and misleading representations in connection with the collection of the debt in violation of the FDCPA at 15 U.S.C. § 1692e *et seq.*

      1. In its Complaint, Lonestar falsely represented that it had satisfied all conditions precedent prior to filing the action in court (Complaint Exhibit A ¶ 6).

    a. Lonestar failed to satisfy conditions precedent by failing to have a face-to-face meeting with Mr. Glynn;

    b. Lonestar failed to satisfy conditions precedent by failing to make a reasonable effort to arrange a face-to-face meeting with Mr. Glynn;

    c. Lonestar failed to satisfy conditions precedent by failing to make at least one trip to see Mr. Glynn at his home;

    d. Lonestar failed to satisfy conditions by commencing a foreclosure action within 30 days of the assignment;

    e. Lonestar failed to satisfy conditions by failing to send a letter regarding a face-to-face meeting via United States Postal Service Certified Mail; and

    f. Lonestar failed to satisfy conditions by failing to inform Mr. Glynn of available assistance as required for Federal Housing Administration ("FHA") loans pursuant to 24 C.F.R. § 203.604.

2. In its Complaint, Lonestar falsely represented that it was entitled to enforce the note (Complaint Exhibit A ¶ 9).

    a. The Note could not be accelerated when not permitted by HUD Regulations.

3. In its Complaint, Lonestar falsely represented that it was entitled to enforce the mortgage (Complaint Exhibit A ¶ 13).

b. Lonestar made the false representation of the amount of the debt in violation of the FDCPA at 15 U.S.C. § 1692e (2)(A).

c. Lonestar made false representations or deceptive means to collect a debt in violation of the FDCPA at 15 U.S.C. § 1692e (10).

      1. See ¶ ¶ 31(a), and 31(a)(1)(a-f) above incorporated herein by reference.

   d. Lonestar filed a foreclosure action that could not be legally be filed in violation of the FDCPA at 15 U.S.C. § 1692e (5).

32. As a direct and proximate result of Lonestar filing a foreclosure action without first fulfilling the conditions precedent, Mr. Glynn has suffered actual damages of emotional distress in the form of anxiety, fear, distress, sleepless nights, and mental anguish over the possible loss of his home.

33. As a direct and proximate result of Lonestar filing a foreclosure action without first fulfilling the conditions precedent, Mr. Glynn incurred substantial attorney fees in the defense of the foreclosure action in an amount exceeding $23,907.14.

34. Lonestar is liable to Mr. Glynn for its FDCPA violations in an amount equal to or greater than: actual damages for each of Defendant's violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000, 15 U.S.C. § 1692k(a)(2)(A); plus costs of this action and attorney's fees, including pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Mr. Glynn respectfully prays for this Court grant the following against Lonestar:

a. Assume jurisdiction of this case;

b. Award Mr. Glynn maximum actual, economic, non-economic, statutory, punitive, and other damages to be established at trial allowable under the law.

c. Award Mr. Glynn actual damages to be established at trial pursuant to 15 U.S.C. § 1692k(a)(1);

   d. Award Mr. Glynn maximum statutory damages in the amount of $1,000 against Lonestar for its FDCPA violations plus costs of the action and attorney fees, including pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   e. Award Mr. Glynn additional damages and costs; and

   f. Award such other relief as the court deems appropriate.

Dated December 31, 2015

                                    Respectfully Submitted,
                                    DOUCET & ASSOCIATES CO., LPA

                                    s/ Randy Richardson
                                    Randy Richardson, Trial Counsel (0034456)
                                    Troy J. Doucet              (0086350)
                                    *Attorneys for Plaintiff John P. Glynn*
                                    700 Stonehenge Parkway, Suite 2B
                                    Dublin, Ohio 43017
                                    PH (614) 944-5219
                                    FAX (818) 638-5548
                                    Randy@TroyDoucet.com

## JURY TRIAL DEMANDED

   The Plaintiff respectfully requests a jury trial on all triable issues.

                                    s/ Randy Richardson
                                    Randy Richardson, Trial Counsel (0034456)